WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leo Rattler,,<br><br>   Plaintiff,<br><br>v.<br><br>Yvonne Rabie,<br><br>   Defendant. | No. CV-11-00777-TUC-CKJ<br><br>**ORDER** |

On June 10, 2013, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 18). Plaintiff filed a Response on July 11, 2013. (Doc. 21). Defendant filed a Reply on July 18, 2013. (Doc. 22). Then, on July 29, 2013, Plaintiff filed a sur-reply. (Doc. 24). Since Plaintiff had not sought leave of Court prior to filing his sur-reply, Defendant filed a Motion to Strike Plaintiff's Sur-Reply on August 12, 2013. (Doc. 25).

Also, on July 11, 2013, Plaintiff filed an Objection to the Self Appointment of the Attorney General's Office to Defend Defendant Rabie in This Case. (Doc. 20). Defendant filed a Response on July 25, 2013.

*Background[1]*

On February 16, 2008, Plaintiff was incarcerated in the ASPC-Tucson/Winchester Unit, Tucson, Arizona. On that date, he was brought to the health unit to see Defendant Rabie. After checking Plaintiff's vital signs, Defendant Rabie allegedly stated that there

---

[1] The background information is principally derived from Plaintiff's Complaint. (Doc. 1). The Court accepts as true the factual allegations set forth in Plaintiff's Complaint for the purposes of resolving these motions.

was nothing wrong with Plaintiff and he was returned to his housing unit. Thereafter, Plaintiff's condition worsened and he met with Sgt. D. Mayo who determined that Plaintiff needed to see a doctor.

Plaintiff was returned to the health unit later that day. Upon arrival, Defendant Rabie allegedly stated that there was nothing wrong with Plaintiff and she wanted him returned to his housing unit. Later, a doctor arrived at the health unit and instructed Defendant Rabie to get Plaintiff medical attention. Another physician instructed Defendant Rabie to contact an ambulance to take Plaintiff to the hospital. However, Defendant Rabie refused to do so.

Plaintiff's condition worsened and he lost consciousness. Eventually Plaintiff was transported to St. Mary's Hospital where he was admitted to the intensive care unit. Plaintiff remained unconscious through February 21, 2008. When Plaintiff awoke on February 22, 2008, he was told by his treating physicians that they were "not sure that he was going to make it."

A few days later, Plaintiff was discharged from St. Mary's Hospital and returned to the custody of the Arizona Department of Corrections. Plaintiff was released from the custody of the Arizona Department of Corrections on February 23, 2009. After his release he requested his medical records from the Arizona Department of Corrections on multiple occasions. On November 30, 2009, Plaintiff received a partial copy of his medical records. After receiving his medical records, he discovered that on February 19, 2008, he had experienced renal failure and suffered acute kidney injury as a result. Plaintiff had been unaware of this condition prior to reviewing his medical records.

On December 2, 2011, Plaintiff filed a *pro se* civil rights Complaint against the Arizona Department of Corrections. (Doc. 1). On May 31, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim and granted Plaintiff thirty days to file a First Amended Complaint. (Doc. 7). On January 2, 2013, Plaintiff filed his First

Amended Complaint alleging that Nurse Yvonne Rabie and Sergeant D. Mayo were deliberately indifferent to his serious medical needs.[2]  (Doc. 15).

On February 8, 2013, the Court screened Plaintiff's First Amended Complaint in compliance with 28 U.S.C. §1915(e)(2)(B).  The Court dismissed Plaintiff's claim against Sgt. D. Mayo.  The Court held that Sgt. D. Mayo's actions as alleged did not rise to the level of deliberate indifference.  However, the Court determined that Plaintiff had stated a valid claim against Defendant Rabie for deliberate indifference to his serious medical needs. (Doc. 16).

On June 10, 2013, Defendant Rabie filed a Motion to Dismiss Plaintiff's Complaint.  In her Motion, Defendant Rabie argues that Plaintiff's claim against Defendant Rabie is barred by the statute of limitations.

*Motion to Strike*

Defendant Rabie seeks to strike the Plaintiff's sur-reply to her Motion to Dismiss, (Doc. 24), because Plaintiff failed to seek the Court's permission prior to filing his sur-reply.  Local Rule 7.2 permits parties to file a motion, response and reply.  LRCiv. 7.2(b),

---

[2] Plaintiff failed to timely file a First Amended Complaint within the prescribed thirty day time period granted by the Court's May 31, 2012 Order.  On July 18, 2012 pursuant to the Court's May 31, 2012 Order, the Clerk of Court entered judgment against Plaintiff and dismissed the case for failure to file a First Amended Complaint.  (Doc. 9). On September 4, 2012, the Court set aside the July 18, 2012 judgment and re-opened the case. The Court further ordered the Clerk of Court to mail another copy of the Court's May 31, 2012 Order to Plaintiff and directed the Plaintiff to file a First Amended Complaint within thirty days.  (Doc. 11).  On October 17, 2012, the Clerk of Court entered judgment against Plaintiff and dismissed the case for failure to file a First Amended Complaint.  (Doc. 12). Then on November 1, 2012, Plaintiff filed a Motion for Reconsideration, arguing that he never received the Court's May 31, 2012 Order. (Doc. 13).  On November 26, 2012, the Court granted Plaintiff's Motion for Reconsideration, set aside the Court's October 17, 2012 judgment, and re-opened the case.  Plaintiff was directed to file a First Amended Complaint on or before January 4, 2013.  (Doc. 14).

(c), (d). Generally, no additional briefing is permitted on a motion without leave of Court.

Plaintiff's Motion seeks to dismiss this action because it is barred by the statute of limitations. If granted, Plaintiff's Complaint would be dismissed and Plaintiff would be statutorily barred from pursuing his 42 U.S.C. §1983 claim. As such, the Court finds that some additional briefing by the Plaintiff opposing Defendant's Motion is warranted in this case. Further, Plaintiff's sur-reply at least in part seeks to correct a typographical error made in its Response. Accordingly, while Plaintiff failed to seek leave of Court prior to filing his sur-reply, the Court will consider Plaintiff's sur-reply in its analysis of Defendant's Motion to Dismiss.

*Motion to Dismiss*

When the statute of limitations forms the basis of a motion to dismiss for failure to state a claim, the motion can only be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980); *see also TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). The complaint cannot be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1207 (9th Cir.1995).

Plaintiff has brought a 42 U.S.C. §1983 action against Defendant Rabie for being deliberately indifference to Plaintiff's serious medical needs. Section 1983 does not contain its own statute of limitations. As such, the federal courts borrow the statute of limitations for §1983 claims from the forum state's statute of limitations for personal injury cases. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 1949 (1985). In Arizona, the statute of limitations for personal injury cases and thus, §1983 cases, is two years. A.R.S. §12-542(1); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir.

2004). Since Plaintiff initially filed his Complaint on December 2, 2011, his cause of action had to accrue no earlier than December 2, 2009 to be timely.

While state law determines the limitation period, the date upon which a cause of actions accrues is determined by federal law. *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The statute of limitations begins to run, when a plaintiff has "knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who inflicted the injury.'" *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

Plaintiff alleges that Defendant Rabie was deliberately indifferent to his serious medical needs when she refused to treat him or contact an ambulance to transport him to the hospital on February 16, 2008. As a result of Defendant Rabie's actions, he experienced renal failure and suffered acute kidney injury. While he suffered these injuries in February 2008, he was never informed by any medical personnel about the extent of his injuries at that time.

According to Plaintiff's initial Complaint and First Amended Complaint, after he was released from prison, he received his medical records on November 30, 2009.[3] It was on that date that he discovered for the first time that he had experienced renal failure and suffered acute kidney injury in February 2008.

Plaintiff may have had reason to know that he suffered an injury in February 2008 during his hospitalization. He was allegedly informed by a physician at the hospital that "if you hadn't gotten here when you did, you wouldn't have made it, you are a miracle." While Plaintiff may have had reason to know that he was seriously injured at that time,

---

[3] In Plaintiff's Response to Defendant's Motion, he argues that he did not receive his medical records and discover the extent of his injuries until November 30, 2010. (Doc. 21). However, in his sur-reply, Plaintiff acknowledges that he made a typographical error in his response and that he received and reviewed his medical records on November 30, 2009. (Doc. 24).

he was never informed about the extent of his injuries during his incarceration and did not discover the actual extent of his injuries until he reviewed his medical records on November 30, 2009. Thus, Plaintiff knew the injury he suffered which is the basis of his action on November 30, 2009.  As such, the Court finds that liberally construed, his claim accrued on November 30, 2009.

Since Plaintiff did not file his initial Complaint until December 2, 2011, more than two years after his claim accrued, it is barred by the statute of limitations.

*Objection to Defendant Rabie's Counsel*

On July 11, 2013, Plaintiff filed an Objection to the Self Appointment of the Attorney General's Office to Defend Defendant Rabie in this cause, (*sic*).  (Doc. 20). Plaintiff argues that the representation of Defendant Rabie by the Arizona Attorney General's Office creates a conflict of interest and prejudices the Plaintiff.  While not identified as a motion, the Court will construe Plaintiff's Objection as a motion to disqualify Defendant Rabie's counsel.

Plaintiff's objection lacks merit.  Pursuant to A.R.S. §41-192.02, the attorney general may "represent an officer or employee of the state against whom a civil action is brought in his individual capacity."  A.R.S. §41-192.02(A).  While Plaintiff alleges without any factual support that Defendant Rabie is not a state employee, according to Defendant's counsel, Defendant Rabie is a state employee.

Further, disqualification of a party's counsel is a drastic measure that should only be utilized where absolutely necessary. *Advanced Mfg. Technologies, Inc. v. Motorola, Inc.*, 2012 WL 1446953 (D. Ariz. 2002) *citing Alexander v. Superior Court in and For Maricopa County*, 141 Ariz. 157, 161, 685 P.2d 1309, 1313 (1984).  Plaintiff has the burden of persuasion to sufficiently demonstrate why an attorney should be disqualified from representing his or her client. *Id*.

Plaintiff argues that Defendant Rabie's representation by the Arizona Attorney General's Office creates a conflict of interest because the Arizona Attorney General's Office has a personal and outside interest in the outcome of the case. Plaintiff further contends that he will be denied a fair and impartial proceeding if the Arizona Attorney General is permitted to represent Plaintiff.

However, Plaintiff fails to explain sufficiently to the Court how any alleged conflict of interest that may exist between Defendant Rabie and the Arizona Attorney General's Office would deny Plaintiff a fair and impartial proceeding. Further, he provides no support for his claim that the Arizona Attorney General's Office has some outside interest in the outcome of this case other than representing their client.

*Attorney's Fees*

Defendant requests that this Court award her costs and fees, including attorney's fees for her defense of this action. Pursuant to 42 U.S.C. §1988, the court, in its discretion, may award attorney's fees to the prevailing party in a §1983 case. 42 U.S.C. §1988(b). "A prevailing defendant in a civil rights action is entitled to an attorney's fees award where plaintiff's action, even though not brought in subjective bad faith, is 'frivolous, unreasonable, or without foundation.'" *Jensen v. Stangel*, 762 F.2d 815, 817 (9th Cir. 1985).

While the Court is dismissing Plaintiff's Complaint for violating the statute of limitations, the Court does not find that Plaintiff's Complaint was frivolous or without foundation. On the contrary, the Court had screened Plaintiff's Complaint and found that he stated a valid and sufficient claim against Defendant Rabie for deliberate indifference to his serious medical need.

Accordingly, IT IS ORDERED:

1. Defendant's Motion to Strike Plaintiff's Response to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss is DENIED. (Doc. 25).

2. Plaintiff's Objection to the Self Appointment of the Attorney General's Office to Defend Defendant Rabie in this Cause (*sic*), which is construed as a Motion to Disqualify the Arizona Attorney General's Office from representing Defendant Rabie is DENIED. (Doc. 20).

3. Defendant Rabie's Motion to Dismiss is GRANTED. (Doc. 18). Plaintiff's Complaint is dismissed in its entirety as it is barred by the statute of limitations.

4. Defendant Rabie's Request for Attorney's Fees is DENIED. Each Party shall bear their own costs and fees.

5. The Clerk of the Court shall enter judgment accordingly and close its file in this matter.

Dated this 20th day of August, 2013.

_____
Cindy K. Jorgenson
United States District Judge